# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DERRICK B. WOODS,           )
#197161,                    )
                            ) CIVIL ACTION NO. 9:10-2726-DCN-BM
            Petitioner,     )
                            )
v.                          )
                            )
WARDEN ROBERT M.            )
STEVENSON, III,             )        **REPORT AND RECOMMENDATION**
                            )
            Respondent.     )
_____)

       Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The *pro se* petition was filed on October 20, 2010.[1]

       On March 9, 2011, the Petitioner filed a motion for summary judgment. The Respondent then filed a return and motion for summary judgment on April 14, 2011. As the Petitioner is proceeding *pro se*, a Roseboro order was filed on April 15, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving extensions of time, the Petitioner filed a memorandum in opposition to the motion on July 20, 2011.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).



This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in York County for possession of crack cocaine with intent to distribute [Indictment No. 2003-GS-46-424], possession of crack cocaine with intent to distribute within the proximity of a public park [Indictment No. 2003-GS-46-388], and resisting arrest (Indictment No. 2003-GS-46-389). (R.pp. 512-517). Petitioner was represented by J. Cameron Halford, Esquire, and after a trial by jury on September 8-10, 2003, was found guilty as charged (R.pp. 1-355). Petitioner was sentenced to twenty-five (25) years for possession of crack cocaine with intent to distribute, fifteen (15) years, concurrent, for possession of crack cocaine with intent to distribute within the proximity of a public park, and ten (10) years, consecutive, for resisting arrest. (R.pp. 363-364).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Wanda P. Hagler, Esquire, who filed an Anders[3] brief raising the following issue:

> Whether the lower court erred in allowing the State to use five peremptory challenges in a discriminatory manner.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The parties have both filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744. See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

(R.pp. 366-378).

Petitioner also filed a *pro se* brief asserting the following issues:

> (1) Whether the actions of officials constituted prosecutorial misconduct where the actions were clear error and where the errors were not harmless;

> (2) Whether the trial court erred in failing to excuse juror having immediate family related to the court where the juror committed intentional concealment on voir dire violating Appellant's right to Due Process and Impartial Jury under the Sixth and Fourteenth Amendments of the U.S. Constitution and where the error was not harmless; and

> (3) Whether the trial court erred in admitting evidence of appellant's prior conviction where the evidence was unduly prejudicial and the error was not harmless.

(R.p. 381).

The South Carolina Court of Appeals denied the appeal, affirmed Petitioner's convictions and sentences, and relieved counsel in an order issued April 8, 2005. State v. Woods, Unpubl.Op.No. 2005-UP-269 (S.C.Ct.App. 2005). (R.pp. 421-424).

Petitioner then filed a *pro se* Petition for Rehearing and Rehearing EnBanc, addressing the following issues:

> (1) Whether the trial court erred in denying Petitioner fair and reasonable bail?

> (2) Whether the trial court erred in denying petitioner fast and speedy trial?

> (3) Whether the trial court erred in trying Petitioner in identifiable jail clothing?

> (4) Whether the trial court erred in determining whether juror was impartial where juror concealed information on voir dire?

> (5) Whether the trial court erred in admitting evidence of Petitioner's prior conviction?

> (6) Whether prosecutorial misconduct was so erroneous as to deny Petitioner his constitutional rights?

> (7) Ineffective assistance of counsel, cumulative effect of multiple errors and failure



3

to hold adequate suppression hearing.

(Supp.App., p. 2).

The Petition for Rehearing was denied on August 29, 2005, and the Remittitur was sent down on

October 3, 2005. (Supp.App., pp. 24-25).

Petitioner then filed an Application for Post-Conviction Relief ("APCR") on April

18, 2006. (R.pp. 425-432). Petitioner raised the following issues in his APCR:

1. Ineffective Assistance of Counsel.

2. Prosecutorial Misconduct.

3. Denial of Due Process.[4]

(R.p. 428).

Petitioner's PCR counsel, Charles T. Brooks, III, also submitted a document on behalf of the

Petitioner entitled "Applicant's Attachment and Memorandum of Law in Support for Application

for Post-Conviction Relief" on January 25, 2008.[5] (Supp.App., pp. 26-29). In this document,

Petitioner addressed the following issues:

(1) Whether trial counsel was ineffective in failing to object and challenge juror for
cause where juror failed to disclose requested information during voir dire
examination;

(2) Whether trial counsel was ineffective in allowing applicant to be tried in clearly

---

[4]This issue was not set forth as a separate ground in the APCR, but was addressed by the State
in its response. (R.pp. 428, 434).

[5]Respondent apparently contends that this was actually prepared by the Petitioner, and
questions whether this document was properly before the PCR court. See Respondent's
Memorandum, p. 5, n. 4; see also Jones v. State, 558 S.E.2d 517, 518 (S.C. 2002)["[W]e will not
accept pro se filings simply forwarded through counsel. Counsel shall instead use professional
judgment in reviewing the documents and shall submit the client's arguments only if relevant and
only after they have been edited by counsel for review by the Court."].

4



identifiable jai clothing, failing to object, failing to request curative instruction and failing to procure street clothing for applicant;

(3) Whether trial counsel was ineffective in failing to object to the admission of applicant's prior convictions evidence and argue against admissibility under Rule 609, South Carolina Rules of Evidence;

(4) Whether trial counsel was ineffective in failing to articulate a valid Fourth Amendment claim pursuant to illegal seizure of Appellant;

(5) Whether trial counsel was ineffective in failing to object to hearsay testimony, failing to request curative instruction and failing to request that testimony be stricken;

(6) Whether trial counsel was ineffective in failing to investigate, prepare and present a coherent argument to the Judge and Jury based on defense of police fabrication, failing to adequately impeach police officers' testimony with prior inconsistent statements and reports and failing to prepare papers as exhibits for admission into evidence;

(7) Whether trial counsel was ineffective in failing to object to the prosecutions use of cumulative testimony where testimony was inadmissible pursuant to Rule 404, S.C.R.E. and prejudicial and where the testimony was similar and reiterated previous testimony;

(8) Whether trial counsel was ineffective in failing to object to the prosecutions introduction of witness testimony, where the witnesses had not been disclosed and where the testimony was inadmissible pursuant to S.C.R.E. Rule 404; and

(9) Whether trial counsel was ineffective in failing to object to the indictment of resisting arrest, Section B where evidence produced at trial constructively amended indictment and violated applicants right to be indicted by Grand Jury, under the Fifth (5) Amendment of the U.S. Constitution.

(Supp. pp. 26-29).

An evidentiary hearing was held on August 15, 2008, at which Petitioner was present and represented by Mr. Brooks. (R.pp. 439-503). On December 9, 2008[6], the PCR judge entered an order denying the petition in its entirety. (R.pp. 504-511). No Rule 59(e) Motion to Alter or

---

[6]The order is actually dated 2007, which is an obvious scrivener's error. (R.p. 511).



Amend was filed.[7]

Petitioner appealed the denial of his APCR, and Elizabeth A. Franklin-Best, Appellate Defender with the South Carolina Commission on Indigent Defense, was appointed to represent him. Franklin-Best filed a writ and raised the following issues:

> (1) Did the PCR judge err when he found that [Petitioner] did not meet his burden of showing that he was prejudiced by his counsel's failure to object to his client's being tried in his prison clothes?

> (2) Should this Court remand [Petitioner's] case back to the Court of Common Pleas for a hearing on [Petitioner's] failure to call witnesses on his own behalf at the PCR hearing?

(Supp.App., p. 49).

Counsel subsequently requested that her Petition for Writ of Certiorari be withdrawn and resubmitted as a <u>Johnson</u>[8] petition, but this motion was denied. <u>See</u> Order Denying Motion to Withdraw the Petition for Writ of Certiorari and Submit it as a <u>Johnson</u> petition. The Court also denied a motion by the Petitioner to proceed *pro se,* and then denied Petitioner's appeal, both on May 14, 2010. <u>See</u> Orders Denying Motion to Proceed *Pro Se* and denying Petition for Writ of Certiorari. Petitioner

---

[7]Although Petitioner attempted to file a <u>pro se</u> Rule 59(e), SCRCP, Motion to Alter or Amend, it was filed and served while he was represented by counsel, and was untimely pursuant to the rule as Petitioner, according to the notice of appeal, certified he received written notice of the order on December 17, 2008, but did not serve his Rule 59(e) motion until December 31, 2008. <u>See</u> Notice of Appeal in 2006-CP-46-1011 (Supp.App., p. 43). Accordingly, no ruling was made thereon. <u>Jones v. State</u>, 558 S.E.2d 517 (S.C. 2002)[holding there is no right to hybrid representation in the State of South Carolina]; Rule 59(e), SCRCP ["A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."]. This was pointed out to Petitioner in a January 6, 2009 letter written by Daniel Shearouse, Clerk of Court for the Supreme Court of South Carolina. <u>See</u> Letter dated January 6, 2009 from Supreme Court of South Carolina. (Supp.App., p. 45).

[8]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders v. California</u>, 386 U.S. at 744.

then filed a Petition for Rehearing and Rehearing *En Banc,* raising the following issues:

> (1) Whether the PR Judge erred in dismissing Petitioner's application for PCR where the judge failed to make specific findings of fact and conclusions of law with regard to each issue raised in Petitioner's application attachment thereto and the hearing thereon;
>
> (2) Whether the PCR judge erred in denying the Petitioner a continuance in order for the Petitioner to secure witnesses and evidence for the hearing and to include all grounds supporting his application; and
>
> (3) Whether the issues raised throughout the Petitioner's entire appellate post-conviction process are meritorious and constitute prejudicial error warranting reversal?

See Brief, p. 4 (Attached to Petitioner's Memorandum in Support of Habeas Petition). The Petition

was denied on June 25, 2010, and the remittitur was issued on the same day. See Order Denying

Rehearing; Remittitur.

In his *pro se* Petition for writ of habeas corpus filed in this United States District Court,

Petitioner raises the following claims:

> 1.   Ineffective Assistance of Trial/Appellate Counsel.
>    a. Counsel failed to conduct reasonable pre-trial investigations and obtain necessary information and facts surrounding the nature of the offense(s) and the acts alleged;
>    b. Counsel failed to subject the prosecution's case to a meaningful adversarial challenge;
>    c. Counsel failed to make timely objections to inadmissible evidence and testimony and failed to preserve issues for review.
>
> 2.   Prosecutorial Misconduct.
>    a. Threatening the defendant with life imprisonment without the possibility of parole;
>    b. Withholding evidence beneficial to the defendant in violation of "Brady[9]";
>    c. Inflammatory remarks, improper comments used by prosecutor and prosecution witnesses;

---

[9]Brady v. Maryland, 373 U.S. 83 (1963).



    d. The use of improper methods calculated to produce a wrongful conviction;

    e. Retaliation and retaliatory behavior.

3. Trial Court Errors/Constitutional Violations.
    a. Improper admission of prior conviction;
    b. Denial of fair and reasonable bail;
    c. Denial of fast and speedy trial;
    d. Illegal seizure;
    e. Cruel and unusual punishment/excessive sentence;
    f. Juror bias and partiality;
    g. Constructive amendment of indictment, fatal variance;
    h. Denial of due process.

4. Denial of Due Process.
    a. The Post Conviction Relief Judge failed to make proper findings of fact and conclusions of law as to each issue raised;
    b. Appointed PCR counsel failed to file a Rule 59(e) motion and preserve issues for review;
    c. Appellate counsel failed to raise issues and present pictures of Petitioner in Appendix/Exhibits.

See Petition, pp. 5-10 and attachments.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a *pro se* litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social



8

Services, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that his counsel was ineffective assistance for failing to conduct reasonable pre-trial investigations and obtain necessary information and facts surrounding the nature of the offenses and the acts alleged, failing to subject the prosecution's case to a meaningful adversarial challenge, failing to make timely objections to inadmissible evidence and testimony, and failing to preserve issues for review. Respondent argues, *inter alia*, that Petitioner's ineffective assistance of counsel claims are all procedurally barred from consideration by this Court for not having been properly pursued and exhausted by the Petitioner in state court. After careful review of the state court filings and record, the undersigned agrees.

Although Petitioner raised ineffective assistance of counsel claims in his PCR petition and addressed additional ineffective assistance of counsel claims in a *pro se* attached filing, only his ineffective assistance of counsel claims which were presented in his PCR appeal have been properly pursued in state court, and Petitioner only pursued one ineffective assistance of counsel claim in his PCR appeal, which dealt with counsel's failure to object to Petitioner being tried in prison clothes. See (Supp.App., pp. 50-51). Petitioner's subsequent attempt to raise additional claims in his *pro se* Petition for Rehearing would not resurrect claims which had not been originally pursued in his PCR appeal. See Kennedy v. South Carolina Retirement Sys., 564 S.E.2d 322 (S.C. 2001)[holding argument on rehearing will not be considered where it was never presented to the Court prior to the petition for rehearing]; Tyler v. Kendell, No. 09-377, 2009 WL 5216892 at * 9 (D.S.C. Dec. 29, 2009)["[N]ew claims cannot be raised for the first time in a petition for rehearing."].

Therefore, since the Petitioner did not properly raise and preserve the issues raised

9

in Ground One of this Petition in his PCR proceedings[10] and/or his petition for certiorari in his PCR

appeal, they are barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State</u>

<u>Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v.</u>

<u>State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No.

00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393

(S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue

these issues, they are fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague</u>

<u>v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A

claim that has not been presented to the highest state court nevertheless may be treated as exhausted

if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted

to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews</u>

<u>v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas

Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement

for claims not fairly presented to the state's highest court is technically met when exhaustion is

unconditionally waived by the state...or when a state procedural rule would bar consideration if the

claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998

WL 726757 at **1.

        However, even though technically exhausted, since these issues were not properly

pursued and exhausted by the Petitioner in the state court, federal habeas review of these claims is

---

[10]Although Respondent makes additional arguments that Petitioner did not properly pursue
these claims at different levels prior to his PCR appeal, it is not necessary to address all of those
arguments, as even assuming arguendo that they had been properly pursued in his APCR, Petitioner's
failure to properly pursue these claims in his PCR appeal bars their consideration. <u>See</u> discussion,
<u>infra</u>.



10

now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>,

433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936

(1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Petitioner argues cause for his procedural default by asserting that his PCR counsel

and his PCR appellate counsel were ineffective for failing to pursue or properly preserve these claims

in his APCR and his APCR appeal. The United States Supreme Court has held that "if the

procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself

requires that responsibility for the default be imputed to the State . . . Ineffective assistance of

counsel, then, is cause for procedural default." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>see also</u>

<u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24

F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause <u>per</u>

<u>se</u> in the procedural default context"); <u>Smith v. Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it

will only constitute "cause" if it amounts to an independent violation. <u>Ortiz v. Stewart</u>, 149 F.3d

923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996). Hence, Petitioner's

argument fails to show the necessary "cause" for a procedural default because, to the extent that

Petitioner is claiming that his PCR counsel and/or his PCR appellate counsel did not properly pursue

11

and exhaust these claims, ineffective assistance of *PCR counsel* does not amount to an independent

constitutional violation, and is not therefore "cause" for a procedural default. Murray v. Giarratano,

492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the

precedents of [the Supreme] Court that requires a State provide counsel in postconviction

proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a

civil action designed to overturn a presumptively valid criminal judgment. Nothing in the

Constitution requires the State to provide such proceedings,...nor does...the Constitution require [

] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131

F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir.

1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger,

128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932  (7th Cir. 1992);

Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on these

issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035

(1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into

Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual

innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered.

See Wainwright v. Sykes, supra; Murray, 477 U.S. at 488; Rodriguez, 906 F.2d at 1159 [a

fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v.

Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898

F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must

12

produce new evidence that was not available at trial to show his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. <u>See</u> 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner raised the following prosecutorial misconduct claims: (a) threatening the Petitioner with life imprisonment without the possibility of parole; (b) withholding evidence beneficial to the Petitioner in violation of "Brady"; (c) inflammatory remarks, improper comments used by prosecutor and prosecution witnesses; (d) the use of improper methods calculated to produce a wrongful conviction; and (e) retaliation and retaliatory behavior. These claims are without merit.

First, to the extent that Petitioner is raising issues that could have been properly pursued in his PCR proceedings, none of these issues were presented in his PCR appeal and they are therefore procedurally barred from consideration by this court. <u>See</u> discussion, <u>supra</u>. Second, while it is arguable that some of these claims could have been pursued on direct appeal, and since Petitioner's counsel filed an <u>Anders</u> brief meaning that any claims that were properly preserved at trial would have been considered on appeal, Petitioner has failed to present evidence that any of these claims were preserved for review at the trial level. Claims could not have been considered in Petitioner's direct appeal that were not preserved at trial. <u>See</u> <u>State v. Sullivan</u>, 282 S.E.2d 838, 844



13

(S.C. 1981)[objection or motion must be raised to trial judge in order to preserve issue for appellate review]; Wilder Corp. v. Wilke, 497 S.E.2d 731, 733 (S.C. 1998)["It is axiomatic that an issue cannot be raised for the first time on appeal, but it must have been raised to and ruled upon by the trial judge to be preserved for appellate review."]   Here, Petitioner himself complains about his counsel's failure to object or make motions which would have possibly preserved some of these issues. Therefore, these claims have not been preserved for review.

Further, a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented his ineffective assistance of counsel claim to the state court for adjudication]. Petitioner did not raise and exhaust any of these claims as an ineffective assistance of counsel claim; see discussion, supra; and Petitioner has not shown any cause for his failure to properly present any of these additional claims as ineffective assistance of counsel claims in his APCR. Indeed, it appears that some of these underlying claims may have initially been part of the PCR action, but were not pursued in his PCR appeal. Therefore, this argument cannot be used as cause for his procedural default of any such unexhausted claims. Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel

14

to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Accordingly, Ground Two of the Petition is also procedurally barred from consideration by this Court.  See also discussion [procedural bar], supra.

### III.

In Ground Three of his Petition, Petitioner contends that the trial court committed the following errors: (a) improper admission of a prior conviction; (b) denial of fair and reasonable bail; (c) denial of fast and speedy trial; (d) illegal seizure; (e) cruel and unusual punishment/excessive sentence; (f) juror bias and partiality; (g) constructive amendment of indictment, fatal variance; and (h) denial of due process.  However, with regard to issues 3(b), (e), (f), (g) and (h), these issues are all procedurally barred because counsel did not object to these issues at Petitioner's trial.  See discussion, supra.[11]  Therefore, these issues [3(b),(e),(f),(g), and (h)] are not properly before this Court for consideration.

**Prison Clothes Issue.**  Before addressing the remaining issues raised by Petitioner in Ground Three, the Court is constrained to note that Petitioner also contends in his brief that the trial court erred by allowing him to be tried in prison clothes.[12]  However, since Petitioner's counsel

---

[11] Although Petitioner may have raised some of these claims in his *pro se* appellate brief, that does not save a claim where it was not objected to at trial.  Wilder Corp., 497 S.E.2d at 733. Conversely, since any claims properly preserved would have been reviewed on appeal since counsel filed an Anders brief, it would not matter if an issue was not cited by petitioner or counsel in their appellate briefs.  Rather, those properly preserved issues would be available for review by this Court if raised by Petitioner as an issue in his Petition.  See note 3, supra.

[12] Although Petitioner did not specifically list this as a separate issue in Ground Three, Petitioner argues in his response to summary judgment that the trial court erred by allowing him to

did not object at trial on this basis, this issue is also procedurally barred absent a showing of cause and prejudice.[13]  Petitioner contends that the reason that this issue was not properly preserved was due to the ineffectiveness of his trial counsel, and as previously discussed, ineffective assistance of counsel can constitute "cause" for a procedural default if it amounts to an independent violation. Ortiz, 149 F.3d at 932; Bonin, 77 F.3d at 1159.  However, a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must [also] 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards, 529 U.S. at 452; cf Frasier, 304 F.3d at 817 ["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"]; Clemons, 381 F.3d at 752 [Habeas petitioner must have independently presented his ineffective assistance of counsel claim to the state court for adjudication].

Here, Petitioner did claim that his counsel was ineffective for failing to object to him being tried in his prison clothes in his APCR, where Petitioner had the burden of proving the allegations in his petition; Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); and appealed to the South Carolina Supreme Court.  Therefore, this claim was presented as an independent claim. Edwards, 529 U.S. at 452. However, the PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann.

---

be tried in prison clothes.  See Memorandum in Opposition to Summary Judgment, pp. 20-21. Therefore, while it is not clear that this issue has been properly presented by the Petitioner in his habeas petition, the undersigned has addressed this matter out of an abundance of caution and in light of Petitioner's *pro se* status.

[13]The undersigned has already found that there has been no showing of a fundamental miscarriage of justice or actual innocence in this case.



§ 17-27-80 (1976), as amended. See Woods v. State of South Carolina, No. 06-CP-46-1011.

The PCR judge found: 1) while trial counsel may have been deficient for not objecting, Petitioner was not prejudiced; 2) that there was overwhelming evidence of Petitioner's guilt; 3) several officers testified at Petitioner's trial to establish Petitioner's commission of the crime; 4) Officer Cashier testified that he and Officer Richardson slowed down to get a good view into the car that Petitioner was in; 5) the dome light was on in the vehicle and he saw Petitioner get out of the car and money fell to the ground; 6) Officer Cashier also testified that he saw a bag of white substance on Petitioner; 7) Officer Richardson testified that the 'gentleman exited the vehicle at a rapid rate'; 8) several other officers testified about Petitioner resisting arrest; 9) the evidence showed overwhelming guilt on the part of the Petitioner; 10) Petitioner's testimony was not credible; and 11) trial counsel's testimony was credible. (R.pp. 508-509).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of



17

ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was



18

deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269. Here, after careful review of the Petition and the record presented to this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

The testimony of Officers Richardson, Stinson, Hefner, and Cashier constitutes overwhelming evidence of Petitioner's guilt. (R.pp. 67-223). Accordingly, even assuming that counsel's performance was deficient in not objecting to Petitioner being tried in his prison clothes, Petitioner has not shown the necessary prejudice. The PCR judge found Petitioner's testimony to not be credible and the testimony of the officers to constitute overwhelming evidence of Petitioner's guilt. The undersigned can find no reversible error in this record. Therefore, Petitioner has failed to show the necessary prejudice with regard to this claim. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra. This issue is without merit and cannot constitute the necessary cause for Petitioner's claim that the trial court erred on this basis.[14]

**Issue 3(a).** With regard to Petitioner's claim concerning the improper admission of a prior conviction, his counsel did object at trial, and this issue is therefore preserved for review. (R.p. 280). However, although Petitioner cites the federal rule in his filings for habeas relief, counsel sought to suppress his prior convictions at trial based upon Rule 403 of the South Carolina Rules of

---

[14]The undersigned also notes that even if Petitioner could proceed on his claim that the trial court erred on this basis, he still has not shown the necessary prejudice or violation of any federal or constitutional law.

Evidence relating to prejudice. (R.pp. 12-13). The State argued that they were not going to seek introduction of the nature of his prior offenses, but rather simply that he had a prior record, and the trial court ruled that the introduction of the fact that Petitioner had a criminal record certainly had a probative value with regard to Petitioner's credibility, which outweighed any prejudice from the introduction. (R.pp. 12-13). While Petitioner argues that the state court was incorrect in its findings with respect to the admissibility of this evidence under state law, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. Federal courts must afford states deference in their determinations regarding evidence and procedure. Cf Crane v. Kentucky, 476 U.S. 683, 690 (1986)["we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted"]. Further, even if the state court's admission of this evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

Hence, admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes upon a specific constitutional right or is so prejudicial that it amounts to the denial of due process. See Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988). Therefore, the issue before this federal court is not whether the trial court erred in admitting this evidence, but whether the admission resulted in a trial so fundamentally unfair as to

20

deny the Petitioner due process of law. <u>Rainer v. Dep't of Corrections</u>, 914 F.2d 1067, 1072 (8th Cir. 1990), <u>cert. denied</u>, 489 U.S. 1099 (1991). The undersigned can find no such violation in the record of this case. Even if his prior record was inadmissible under state law (which the undersigned does not find), the Petitioner has not shown he suffered any prejudice as a result of this evidence being admitted; <u>cf</u> <u>State v. Motley</u>, 164 S.E.2d 569, 575 (S.C. 1968)[burden is on defendant to show error in admission of evidence is prejudicial]; as the officers' testimony in this case constituted overwhelming evidence of Petitioner's guilt on the drug charges. (R.pp. 67-233).

Further, although Petitioner cites a federal evidentiary rule with respect to this claim, since he did not present this claim in his state proceedings based on federal law; [R.pp. 12-13, 280]; he would be procedurally barred from doing so now. <u>See</u> <u>Levine v. Commissioner</u>, 44 F.3d 121, 124 (2d Cir. 1995)[Where claim was not presented to the state court as a federal claim, it may not be considered on federal habeas corpus review]. Additionally, even assuming for purposes of summary judgement that this issue was properly before this Court based on alleged violations of *federal* law, on the record before the Court in this case, no federal violation has been shown. <u>See also</u> <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. . . . "]. Therefore, this claim is without merit and should be dismissed.

**Issue 3(e).** Petitioner also claims that he was denied his right to a fast and speedy trial. The record reflects that Petitioner filed a motion for a speedy trial immediately prior to his trial, which was heard and denied. (R.pp. 6-10). The record reflects that Petitioner dismissed two attorneys prior to his trial, which contributed to the delay. The replacement of Petitioner's counsel

21

was not initiated by the State and obviously created the need for time for new counsel to adequately prepare for trial. (R.pp. 7-10, 18). The record also reflects that Petitioner filed a few days before his trial for additional time in order to obtain copies of transcripts from his prior hearings. (R.pp. 16-17). The trial court denied Plaintiff's request. Petitioner also filed a motion for a continuance prior to the start of his trial since his current counsel had only been appointed to the case for a short amount of time.[15] (R.p. 24). The trial court also denied that motion. (R.p. 24).

Again, this is an issue of state law. The Federal Speedy Trial Act, 18 U.S.C. § 1316 *et seq*, applies only to criminal prosecutions brought by the United States, and is not applicable to prosecutions by a State. See, e.g., United States v. Hall, 1994 WL 544514 (D.Kan. Sept. 13, 1994); United States v. Hanks, 1994 WL 544516 (D.Kan. Sept. 13, 1994); United States v. James, 861 F.Supp. 151 (D.D. 1994). Hence, the Federal Speedy Trial Act provides no basis for relief in this case. While the Sixth Amendment provides, *inter alia*, that criminal defendants have a right to a speedy and public trial, in light of the reasons for the delay of Petitioner's trial [Petitioner's request to have multiple counsel relieved] and Petitioner's request for a continuance at the time of his trial, he has not shown that the trial court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See Williams v. Taylor, supra; Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312. Therefore, this claim is without merit and should be dismissed.

**Issue 3(d).** With regard to Petitioner's remaining claim alleging illegal seizure.

---

[15]This also demonstrates Petitioner's belief that when new counsel was appointed, additional time was needed for trial preparation.

22

Petitioner contends that police officers "[de]tained him and [obtained the drug] evidence in violation of his fourth amendment rights being [as] there was no probable cause to search him in the first place." (R.p. 11). The record reflects that after jury selection, the trial court held a probable cause hearing on this issue.  (R.pp. 40-56).  After hearing testimony from Officer Robert Cashier concerning the circumstances surrounding Petitioner's arrest, the trial court found probable cause based upon the totality of the circumstances and the situation observed by the officer, which justified him in stopping Petitioner and making further inquiry, and the conduct of the Petitioner.  The trial court also found that the "quantum of information possessed by Officer Cashier [] at the time would warrant a reasonable and  prudent police officer, considering his experience in the area of narcotics investigations, to believe that [Petitioner] was in the process of committing or had committed a crime, and therefore, [found] probable cause existed to detain or at least here it appears to attempt to detain [Petitioner] and that the substance disposed of at the time of the attempted arrest was made would be properly obtained pursuant to the probable cause which existed for making the arrest." (R.pp. 55-56).

Federal habeas relief is not available on a claim that the trial court admitted evidence obtained in violation of the Fourth Amendment where the Petitioner had a full and a fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 494-495 (1976)["we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial"]; Boggs v. Blair, 892 F.2d 1193, 1199-1200 (4th Cir. 1989), cert. denied, 495 U.S. 940 (1990).  Such is the case here.  The record reflects that Petitioner's trial counsel moved to suppress the drug evidence seized during the course

23

of the traffic stop and contest whether there was probable cause for Petitioner's detainment, which motion was denied following an extensive in camera hearing. (R.pp. 40-56). Petitioner had a full and fair opportunity to litigate, and in fact actually litigated, this claim before the trial court. Furthermore, since Petitioner's counsel filed an Anders brief in his direct appeal, this issue would have also been reviewed by the state appellate court in his direct appeal, which afforded him yet another review of the issue. Although Petitioner disagrees with the factual findings and ruling of the trial court and the South Carolina Court of Appeals, the record reflects that these state courts considered and rejected this claim on the merits.

In sum, Petitioner has not shown that he did not have a full and fair opportunity to litigate this claim in state court. Accordingly, it is not necessary to address the merits of this claim. Stone v. Powell, supra; Boggs, 892 F.2d at 1199-1200; Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir. 1978)["[The Court] need not inquire further into the merits of the case . . . unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired."]. This issue is therefore without merit and should be dismissed.

## IV.

In Ground Four of his Petition, Petitioner contends that the PCR judge failed to make proper findings; that PCR counsel failed to file a Rule 59(e) motion and preserve issues for appeal; and that appellate counsel failed to raise issues and present pictures of Petitioner. However, these allegations do not concern Petitioner's underlying conviction. Rather, they concern alleged errors



relating to his state collateral proceedings.[16]

With regard to Petitioner's first claim concerning the PCR judge, this claim is not a basis for federal habeas relief. Thompson v. Roberts, No. 07-009, 2008 WL 4089315 at * 6 (S.D.Ga. Sept. 2, 2008)["Simply put, a federal habeas court is not a "'super' state supreme court" available to grant relief every time it believes a state-court has erred."] (quoting Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983)(per curiam))(quoting Meyer v. Estelle, 621 F.2d 769, 771 (5th Cir. 1980)); Estelle, 502 U.S. at 67-68 ["federal habeas corpus relief does not lie for errors of state law"]. Alleged infirmities in PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995), cert. denied, 518 U.S. 1-022 (1996)["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief . . . . "]; Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)(per curiam)["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas relief."]; Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)[errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief]. Any alleged errors by PCR counsel also fail to set forth a claim for federal relief. See Discussion (Section I)[no constitutional or federal right to state collateral counsel].

Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on this issue. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)[alleged defects in state

[16]In the event that Petitioner intended to refer to his direct appeal counsel in Ground 4(c), that claim would be procedurally barred since Petitioner failed to properly pursue any such claim in his PCR proceedings. See discussion, infra.

post-conviction procedures are not cognizable in a federal habeas corpus action].

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, that Petitioner's motion for summary judgment be **denied**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

December 22, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

